LAW OFFICES OF DAVID C. MCGRAIL
676A Ninth Avenue #211
New York, New York 10036
(646) 290-6496
(646) 224-8377 Facsimile
David C. McGrail (DM 3904)

Proposed Counsel to R. Esmerian, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Involuntary Chapter 7 |
| R. ESMERIAN, INC., | Case No. 10-12719 (RDD) |
| Debtor. | |

## DEBTOR'S MOTION FOR APPOINTMENT
## OF EXAMINER WITH EXPANDED POWERS

Debtor R. Esmerian, Inc. ("REI"), hereby files this motion (the "Motion"), pursuant to Bankruptcy Code sections 1104(c)(1) and 1106(b), for the appointment of an examiner with expanded powers, conditioned upon the conversion of this case to Chapter 11, and in support thereof respectfully represents as follows:

1. REI is a wholesale dealer in precious stones and rare contemporary and antique jewelry.

2. An involuntary Chapter 7 bankruptcy case was commenced against REI on May 24, 2010. No order for relief under Chapter 7 has been entered, and REI is qualified to be a debtor-in-possession under Chapter 11.

3. Simultaneously herewith, REI has filed a motion for the entry of an order for relief and to convert its Chapter 7 case to a case under Chapter 11.

4. Moreover, simultaneously herewith, Ralph Esmerian has filed a motion in his individual bankruptcy case requesting substantially similar relief as sought herein, and it

REI's hope that, from a cost perspective, a single examiner could be appointed jointly by this Court in both cases.

5. Bankruptcy Code section 1104 was included by Congress to provide bankruptcy courts with an alternative to the appointment of a trustee where it was perceived as unnecessary for the fiduciary to assume total control of the estate. L. King, 3 Collier on Bankruptcy, § 1104.03, at 1104-29 (15th Ed. Supp. 1983).

6. Bankruptcy Code section 1104(c)(1) states, in relevant part, that "at any time before the confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate . . . , if – (1) such appointment is in the interests of creditors, any equity security holders, and other interests of the estate."

7. Bankruptcy Code section 1106(b) states, in relevant part, that "[a]n examiner appointed under section 1104(d) of this title shall perform the duties specified in paragraphs (3) and (4) of subsection (a) of this section and, except to the extent the court orders otherwise, any other duties of the trustee that the court orders the debtor in possession not to perform."

8. REI believes that its continued operation and access to Mr. Esmerian's connections within the industry and knowledge regarding REI's assets are critical to maximizing the value REI's of estate and the recovery to its creditors.

9. In light of the nature of the litigation against REI and the accusations of improprieties that have been made against Mr. Esmerian, however, REI believes that the appointment of an examiner, especially one with expanded powers (as the same may be modified

by the Court upon the submission of comments from parties-in-interest in this case), is in the best interest of the creditors.

10. Pursuant to Bankruptcy Code section 1106(a)(3), as incorporated through Bankruptcy Code section 1106(b):

> except to the extent that the court orders otherwise, [the examiner would] investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan.

11. This would include the power to investigate all transfers of over $5,000 in value from REI or on its behalf or for its benefit to any third party within the six-year period prior to the commencement of the involuntary case.

12. Pursuant to Bankruptcy Code section 1106(a)(4), as incorporated through Bankruptcy Code section 1106(b):

> as soon as practicable—
>
> (A) [the examiner would] file a statement of any investigation conducted under paragraph (3) of this subsection, including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of action available to the estate; and
>
> (B) transmit a copy or a summary of any such statement to any creditors' committee or equity security holders' committee, to any indenture trustee, and to such other entity as the court designates.

13. In addition to these statutorily prescribed powers, REI proposes that the examiner would have the expanded powers set forth in Bankruptcy Code sections 704(a)(2) and (a)(7), as incorporated in Chapter 11 through Bankruptcy Code section 1106(a)(1): (a) to be accountable for all property received; and (b) unless the Court orders otherwise, to furnish such

information concerning the estate and the estate's administration as is requested by a party in interest, including the filing of periodic reports as required by the United States Trustee.

14. Moreover, REI proposes that the Court grant the examiner expanded powers to oversee its financial affairs generally, with a focus on the exercise and fulfillment of REI's fiduciary duties to creditors of its estate, including the powers to:

(i) monitor and control, under a reasonable protocol to be agreed to between the examiner and REI, transfers of any asset of the estate in the ordinary course, including monitoring intended sales, transfers, or other dispositions of consigned goods or other assets of the estate held by third parties;

(ii) consult and advise REI with respect to the timely and appropriate disposition of assets of the estate in order to maximize the value of the same and efficiently administer the estate;

(iii) direct any sale of estate property under Bankruptcy Code section 363 or as otherwise ordered by the Court; and

(iv) review and verify the information contained in the schedules and statements that REI is required to file under section 521 of the Bankruptcy Code.[1]

15. The accountability functions set forth above will, among other things, provide the examiner with the ability to have possession over valuable, tangible property of the estate.

16. Finally, the examiner would report on REI if it were to engage in any questionable conduct as a debtor-in-possession.

17. Courts customarily appoint examiners with expanded powers where the circumstances warrant. See In re Mirant Corp., 2004 WL 2983945, at *2 (Bankr. N.D. Tex.

---

[1] At this time, REI does not believe that it necessary to charge the examiner with the obligation to pursue claims on behalf of its estate under chapter 5 or otherwise as it anticipates an active creditors committee that will likely seek and be granted standing to pursue such claims, if any.

Sept. 1, 2004) ("As to the aggregation of tasks specified in the 7/30 Order, there is ample precedent for granting an Examiner so broad a role.") (citing NBD Park Ridge Bank v. SRJ Enters. (In re SRJ Enters.), 151 B.R. 189, 196 (Bankr. N.D. Ill. 1993) (characterizing bankruptcy court authority to appoint duties to examiner as broad); In re Pub. Serv. Co. of New Hampshire, 99 B.R. 177, 182 (Bankr. D. N.H. 1989) (examiner not limited by Bankruptcy Code to investigatory functions, but may be authorized to perform a range of duties); In re UNR Indus., 72 B.R. 789, 795 (Bankr. N.D. Ill. 1987) (legislative history to § 1106(b) indicates Congressional intent that bankruptcy court have power to appoint examiner with broad range of duties)).

18. REI submits that the appointment of an examiner with expanded powers will preserve the integrity of this Chapter 11 case, while at the same time allowing REI to operate as a debtor-in-possession and tapping Ralph Esmerian's vast wealth of knowledge and experience, thus maximizing the value of REI's estate.

## CONCLUSION

WHEREFORE, REI respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, appointing an examiner with the expanded powers described above, and granting such other and further relief as is just and proper under the circumstances.

Dated: July 8, 2010
New York, New York

LAW OFFICES OF DAVID C. MCGRAIL

_____
David C. McGrail, Esq. (DM 3904)
676A Ninth Avenue #211
New York, New York 10036
Telephone: (646) 290-6496
Facsimile: (646) 224-8377

Proposed Counsel to R. Esmerian, Inc.

5

Dated: July 8, 2010
      New York, New York

By: _____
Name: Ralph Esmerian
On behalf of R. Esmerian, Inc.

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                : Involuntary Chapter 7

R. ESMERIAN, INC.,                    : Case No. 10-12719 (RDD)

          Debtor.                     :

## ORDER APPOINTING EXAMINER WITH EXPANDED POWERS

Upon consideration of the motion (the "Motion") of debtor R. Esmerian, Inc. ("REI"), for the appointment of an examiner with expanded powers; and it appearing that notice of the Motion was adequate and proper under the circumstances of this case; and the Court having found that good and sufficient cause exists for granting the Motion; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Code sections 1104(c)(1) and 1106(b), an examiner shall be appointed in the Debtor's Chapter 11 case; and it is further

ORDERED that the examiner shall perform the functions set forth in Bankruptcy Code sections 704(a)(2) and (a)(7) and 1106(a)(3), and (a)(4), including the power to investigate all transfers of over $5,000 in value from REI or on its behalf or for its benefit to any third party within the six-year period prior to the commencement of REI's involuntary bankruptcy case; and it is further

ORDERED that the examiner shall be granted the expanded powers to oversee REI's financial affairs generally, with a focus on the exercise and fulfillment of REI's fiduciary duties to creditors of its estate, including the powers to:

(i) monitor and control, under a reasonable protocol to be agreed to between the examiner and REI, transfers of any asset of the estate in the ordinary course, including monitoring intended sales, transfers, or other dispositions of consigned goods or other assets of the estate held by third parties;

(ii) consult and advise REI with respect to the timely and appropriate disposition of assets of the estate in order to maximize the value of the same and efficiently administer the estate;

(iii) direct any sale of estate property under Bankruptcy Code section 363 or as otherwise ordered by the Court; and

(iv) review and verify the information contained in the schedules and statements that REI is required to file under section 521 of the Bankruptcy Code.

ORDERED that the examiner shall report on REI if it engages in any questionable conduct as a debtor-in-possession; and it is further

ORDERED that the Office of the United States Trustee is directed to appoint an examiner consistent with this Order, who shall be the same person appointed examiner in Ralph Esmerian's bankruptcy case, Case No. 10-12721 (RDD); and it is further

ORDERED that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: July __, 2010

The Honorable Robert D. Drain
United States Bankruptcy Judge